IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| --- | --- | --- |
| v. | : | No. 90-315-2 |
| NELSON HERNANDEZ | : | |

### MEMORANDUM

**Juan R. Sánchez, J.**                                                                                                               April 16, 2013

Defendant Nelson Hernandez, who is currently serving a mandatory life sentence following his conviction on federal drug charges, has filed a "Motion to Dismiss Information Filed Under Title 21 U.S.C. § 851(a) for Lack of Subject Matter Jurisdiction Pursuant to [Federal Rule of Civil Procedure] 60(b)(6) and [Federal Rule of Criminal Procedure] 12(b)(2)," which he has twice moved to supplement. In all three motions, Hernandez seeks relief from his sentence, arguing the district court lacked subject matter jurisdiction to impose a mandatory life sentence because one of the prior convictions used to enhance his sentence did not qualify as a conviction for a "felony drug offense." Although Hernandez seeks relief pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Criminal Procedure 12, his motion is in substance a second motion for relief from sentence pursuant to 28 U.S.C. § 2255, which this Court may not consider absent authorization from the Third Circuit Court of Appeals. Because Hernandez has not obtained the required authorization, his motion will be dismissed for lack of jurisdiction.[1]

**FACTS**[2]

---

[1] Hernandez's motions to supplement will be granted insofar as this Court will treat his motion to dismiss as incorporating the arguments and authorities raised in the motions to supplement.

[2] This case was not assigned to the undersigned district judge until December 2008. Because of the age of the case, the district court record is not available electronically. Consequently, the following factual summary is based on the materials available in the case file maintained by the Clerk of Court.

In July 1990, Hernandez was indicted on federal drug charges, including one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. On May 13, 1991, three days prior to trial, the Government filed an information pursuant to 21 U.S.C. § 851 charging Hernandez with having previously been convicted of two drug offenses under Florida law. The information referenced (1) a state court conviction for cocaine trafficking for which Hernandez received a three-year mandatory minimum sentence (less time served) on August 22, 1985, and which arose out of an April 18, 1984, arrest, and (2) a state court cocaine possession conviction for which Hernandez was sentenced on March 29, 1989, arising out of an August 4, 1988, arrest.[3] On May 29, 1991, a jury convicted Hernandez of Counts 1–3 of the federal indictment, including the conspiracy count.

Following his conviction, on October 22, 1991, United States District Judge Joseph L. McGlynn, Jr. sentenced Hernandez to a mandatory life sentence on the conspiracy count pursuant to 21 U.S.C. § 841(b)(1)(A) based on the two Florida drug convictions referenced in the Government's § 851 notice. Judge McGlynn also imposed a ten-year term of imprisonment on each of the remaining two counts, to run concurrently with each other and with the life sentence on the conspiracy count.

Section 841(b)(1)(A) sets forth mandatory minimum penalties for persons convicted of drug trafficking offenses involving threshold quantities of certain drugs, and provides for enhanced mandatory minimum penalties for offenders with one or more prior convictions for a

---

[3] The information did not specify the length of Hernandez's sentence on the cocaine possession conviction, but indicated the sentence was imposed in case no. 88-26148 in Miami. In fact, Hernandez received a time-served 20-day sentence for the cocaine possession conviction. Def.'s Mot. to Supplement Ex., ECF No. 107 at 7.

"felony drug offense."[4] Under § 841(b)(1)(A), a person convicted of conspiracy to distribute five or more kilograms of cocaine is subject to a mandatory minimum sentence of ten years. A defendant who commits the same offense "after a prior conviction for a felony drug offense has become final" is subject to a 20-year mandatory minimum, and a defendant who commits such an offense "after two or more prior convictions for a felony drug offense have become final . . . shall be sentenced to a mandatory term of life imprisonment without release." *Id.* A court may not impose the enhanced penalties set forth in § 841(b)(1)(A), however, unless prior to trial the government "files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1).

At sentencing, Hernandez objected to the use of his March 1989 cocaine possession conviction to enhance his sentence under § 841(b)(1)(A). *See* Def.'s Mot. to Dismiss Ex. A, ECF No. 101 at 37-38 (excerpt from sentencing transcript).[5] The district court overruled the

---

[4] At the time Hernandez was convicted and sentenced in federal court, § 841(b)(1)(A) defined the term "felony drug offense" to include "an offense that is . . . a felony under any law of a State or a foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, or depressant or stimulant substances." In 1994, Congress amended the definition, "replacing 'an offense that is a *felony* under . . . any law of a State' with 'an offense that is *punishable by imprisonment for more than one year* under any law . . . of a State.'" *Burgess v. United States*, 553 U.S. 124, 133-34 (2008) (citations omitted) (noting the 1994 amendment replaced a definition which "depended on the vagaries of state-law classifications of offenses as felonies or misdemeanors" with "a uniform federal standard based on the authorized length of imprisonment").

[5] Although the full sentencing transcript is not in the case file available to this Court, Hernandez appears to have challenged the validity of the cocaine possession conviction, which was the product of a nolo contendere plea. *See* Gov't's Sentencing Mem. 6-8 (Document 37) (responding to Hernandez's argument that his cocaine possession conviction was invalid because, despite his nolo contendere plea, he did not commit the offense). Indeed, prior to trial, Hernandez sought to have his Florida cocaine possession conviction overturned by filing a petition for writ of error coram nobis in state court, arguing he did not commit the offense. *See* Def.'s Notice of Trial Conflict and Derivative Mot. for Continuance 2-3 & Ex. (Document 23).

objection, finding the conviction was "a valid conviction of a felony in the state of Florida" and was "entitled to be considered as far as enhancement [of Hernandez's sentence]."[6] Def.'s Mot. to Dismiss Ex. A, ECF No. 101 at 37-38. Based on the two convictions identified in the Government's § 851 notice, the district court imposed a mandatory life sentence on the conspiracy count. *See id.* at 38. The Third Circuit Court of Appeals affirmed Hernandez's conviction and sentence in June 1992, rejecting Hernandez's argument that the mandatory life sentence violated his due process rights and constituted cruel and unusual punishment.

Hernandez thereafter unsuccessfully sought collateral review pursuant to 28 U.S.C. § 2255. In his § 2255 motion, Hernandez raised three grounds for relief, including that the mandatory life sentence was illegal because the Government did not file its § 851 notice until after trial had begun, in violation of the statute. The district court denied the motion, finding, as to Hernandez's claim of sentencing error, that the Government had in fact filed its § 851 notice several days before trial. Hernandez appealed the denial of his § 2255 motion, and although the Court of Appeals remanded the case for an evidentiary hearing on Hernandez's ineffective assistance of counsel claim, the Court rejected his argument that the district court had improperly enhanced his sentence based on his two prior drug convictions.[7] In addition, following the

---

According to the Government's sentencing memorandum, Hernandez's Florida coram nobis petition was ultimately denied following an evidentiary hearing in September 1991. *See* Gov't's Sentencing Mem. 8 (Document 37).

[6] At the time judgment was entered in the state court cocaine possession case, possession of a controlled substance was a third-degree felony in Florida, punishable by a term of imprisonment not exceeding five years. *See* Fla. Stat. Ann. §§ 893.13(f) (West 1989), 775.082(3)(d) (West 1989); *see also* Def.'s Mot. to Dismiss Ex. E, ECF No. 101 at 49 (listing the degree of crime for the cocaine possession offense as "3F").

[7] Hernandez appears to have raised a different argument regarding the mandatory life sentence on appeal, contending "the enhancement of his sentence based on two prior drug convictions was in error because his prior offenses did not comport with the sentencing guidelines career criminal

4

evidentiary hearing on remand, the district court again denied Hernandez's § 2255 motion, and the Court of Appeals affirmed.

Hernandez also sought relief from his mandatory life sentence by filing a petition for writ of error coram nobis in the district court; however, the district court denied the petition, and the Court of Appeals again affirmed. In March 2007, Hernandez sought authorization from the Court of Appeals to file a second or successive § 2255 motion. The Court of Appeals denied the application, finding Hernandez had not shown his application relied on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. As to the latter requirement, the Court of Appeals specifically noted *Lopez v. Gonzales*, 549 U.S. 47 (2006), the case on which Hernandez relied in support of his application, "did not state a 'new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.'" *In re Hernandez*, No. 07-1910, Order (3d Cir. May 3, 2007).

Following the denial of his application to file a second or successive § 2255 motion, Hernandez filed the instant motion, again seeking relief based on *Lopez v. Gonzales*, *supra*. In his motions to supplement, Hernandez argues relief is also warranted based on the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), and the district court's decision in *Shelton v. Secretary, Department of Corrections*, 802 F. Supp. 2d 1289 (M.D. Fla. 2011), *rev'd on other grounds*, 691 F.3d 1348 (11th Cir. 2012).

**DISCUSSION**

In the instant motion, Hernandez seeks relief from the judgment in his criminal case, arguing the district court lacked subject matter jurisdiction to impose a mandatory life sentence

---

enhancement criteria." *United States v. Hernandez*, No. 95-1847, Op. 4 (3d Cir. May 21, 1996). The Court of Appeals held it lacked jurisdiction to review the issue, which Hernandez had failed to raise in the district court. *Id.*

pursuant to 21 U.S.C. § 841(b)(1)(A) because the Government's § 851 notice was defective in that the 1989 state court cocaine possession conviction referenced therein does not qualify as a conviction for a "felony drug offense" under more recently decided cases. Although the motion invokes both Federal Rule of Criminal Procedure 12 and Federal Rule of Civil Procedure 60(b), neither Rule authorizes this Court to grant Hernandez the relief he seeks.

Under Federal Rule of Criminal Procedure 12(b)(3)(B),[8] a claim by a criminal defendant "that the indictment or information fails to invoke the court's jurisdiction" need not be raised before trial, but may be heard by the district court "at any time while the case is pending." Even assuming Hernandez's "jurisdictional" claim could be raised pursuant to Rule 12(b)(3)(B), the Rule does not provide a basis for relief here because Hernandez's criminal case is no longer "pending." *Compare United States v. Craft*, 471 F. App'x 89, 90 (3d Cir. 2012) (holding defendant could not use Rule 12(b)(3)(B) to challenge his criminal information because his case was no longer "pending" where his conviction and sentence had been affirmed on direct appeal, his § 2255 motion had been denied, and the Court of Appeals had denied a certificate of appealability), *and United States v. Ramsey*, 398 F. App'x 708, 709 (3d Cir. 2010) (same), *with Hedaithy*, 392 F.3d at 586-89 (holding a defendant may raise a claim pursuant to Rule 12(b)(3)(B) on direct appeal); *see also Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) ("After a final judgment has been entered, and no direct appeal has been filed, a case is no longer pending, and Rule 12(b)(3)(B) cannot be invoked to challenge jurisdiction."); *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (holding defendant's case, which was "long since reduced to judgment, affirmed on appeal, and rejected for certiorari review," was no longer pending for purposes of Rule 12(b)(3)(B)); *United States v. Patton*, 309

---

[8] Hernandez's motion references Federal Rule of Criminal Procedure 12(b)(2), the predecessor to Rule 12(b)(3)(B). *See United States v. Hedaithy*, 392 F.3d 580, 586 n.6 (3d Cir. 2004).

F.3d 1093, 1094 (8th Cir. 2002) (holding predecessor to Rule 12(b)(3)(B) "permit[ted] a district court to notice a jurisdictional challenge" only while the proceeding leading to the defendant's conviction and sentence remained pending).

Federal Rule of Civil Procedure 60(b) authorizes a court to "relieve a party . . . from a final judgment" in a limited set of circumstances, including when "the judgment is void," Fed. R. Civ. P. 60(b)(4), and for "any . . . reason that justifies relief," other than the reasons specifically enumerated in subparagraphs (1) through (5), Fed. R. Civ. P. 60(b)(6). As a rule of *civil* procedure, however, "Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a *criminal* case." *Gray v. United States*, 385 F. App'x 160, 161-62 (3d Cir. 2010) (emphasis added) (affirming the district court's refusal to consider a defendant's motion challenging the government's "'territorial and subject matter jurisdiction' over his alleged criminal activities" pursuant to Rule 60(b) because "the Federal Rules of Civil Procedure are not applicable to criminal cases"); *see also United States v. Baskerville*, 492 F. App'x 254, 256 n.1 (3d Cir. 2012) (noting Rule 60(b) "is a *civil* procedure rule, which does not apply to criminal proceedings"). Thus, insofar as Hernandez seeks relief from the underlying criminal judgment, Rule 60(b) is inapplicable.

Rule 60(b) can be used to obtain relief from a judgment in a habeas or § 2255 case; however, Hernandez does not appear to seek relief from the district court's order denying his § 2255 motion. Even if Hernandez's motion is construed as seeking such relief, Rule 60(b) still does not provide a basis for relief in this case because Hernandez's motion is in substance a successive § 2255 motion which this Court may not consider unless it is "certified by a panel of the appropriate court of appeals to contain" either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable." 28 U.S.C. § 2255(h) (setting forth the requirements for filing a second or successive § 2255 motion).

In *Gonzalez v. Crosby*, 545 U.S. 524, 530-35 (2005), the United States Supreme Court recognized that while Rule 60(b) "has an unquestionably valid role to play in habeas cases," the Rule cannot be used to circumvent the statutory restrictions on filing a second or successive habeas petition. Addressing the extent to which those statutory restrictions apply to Rule 60(b) motions, the Court held where a Rule 60(b) motion asserts (or reasserts) a claim for relief from the defendant's underlying conviction and sentence—i.e., where the motion asserts a new ground for relief or attacks the federal court's resolution of a previously asserted ground for relief on the merits—the motion is "similar enough" to a second or successive habeas petition "that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Gonzalez*, 545 U.S. 530-32. Where, however, a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not the equivalent of a successive § 2255 motion and need not be treated as such. *Id.* at 532-35, 538 (holding a Rule 60(b) motion that "challenges only the District Court's failure to reach the merits" does not warrant treatment as a successive habeas petition).

Although *Gonzalez* addressed the interplay between Rule 60(b) and the restrictions on second or successive applications for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, similar restrictions apply to successive § 2255 motions. As a result, numerous appellate courts have held the same analysis applies to Rule 60(b) motions filed in § 2255 proceedings. *See, e.g.*, *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (noting "every other circuit that has addressed the issue [has] conclud[ed] that the standard announced in *Gonzalez* applies to

8

federal prisoner cases as well," and joining the Sixth, Seventh, Ninth, and Tenth Circuits in so holding); *Pelullo v. United States*, 352 F. App'x 620, 625 (3d Cir. 2009) (holding a Rule 60(b) motion collaterally attacking a conviction and sentence "is a 'second or successive' § 2255 motion," which the district court lacks jurisdiction to consider absent prior authorization from the Court of Appeals); *United States v. Ramsey*, 349 F. App'x 692, 693 (3d Cir. 2009) (holding under *Gonzalez*, "[a]n attempt to advance claims that attack the validity of an underlying conviction following the denial of a § 2255 motion should be treated as a second or successive § 2255 motion").

The Supreme Court has recognized Rule 60(b) may be used in the habeas context "to obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction—a consideration just as valid in habeas cases as in any other, since absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties." *Gonzalez*, 545 U.S. at 534. On its face, Hernandez's motion purports to raise such a challenge, arguing the district court lacked jurisdiction to impose a mandatory life sentence because of a defect in the Government's § 851 notice.

Section 851 sets forth certain procedures that must be followed where the Government seeks to increase the sentence of a defendant convicted of a federal drug crime based on his prior convictions, including the requirement that the government must file and serve on the defendant, before trial, "an information . . . stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1).[9] This notice requirement serves two main purposes, providing the

---

[9] The statute also provides that following the defendant's conviction, but before pronouncing sentence, the court must ask the defendant "whether he affirms or denies that he has been previously convicted as alleged in the information" and must "inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." *Id.* § 851(b). If the defendant "denies any allegation of the information of

9

defendant with an opportunity to contest the accuracy of his prior convictions and permitting him to consider the sentence enhancement in deciding whether to enter a guilty plea or proceed to trial. *See United States v. Isaac*, 655 F.3d 148, 156-57 & n.8 (3d Cir. 2011); *United States v. Lewis*, 597 F.3d 1345, 1347 (7th Cir. 2010). Section 851 does not, however, address which substantive offenses can be used to enhance a defendant's sentence for a particular drug offense. Rather, at the time Hernandez was convicted and sentenced, the type of conviction that could be used to increase a defendant's sentence for conspiracy to commit an offense proscribed by 21 U.S.C. § 841 was defined in the penalty provisions of that statute.

The Third Circuit Court of Appeals has characterized the "§ 851(a) notice requirement" as "jurisdictional," suggesting that "absent compliance with § 851, a sentencing court lacks authority to impose [an] enhancement [pursuant to 21 U.S.C. § 841(b)]." *Isaac*, 655 F.3d at 155; *see also United States v. Allen*, 566 F.2d 1193, 1196 (3d Cir. 1977) ("It has been held that strict compliance with the legislatively mandated pretrial filing requirement is a jurisdictional prerequisite to the imposition of an enhanced sentence . . . ."). In *Isaac*, the defendant challenged the district court's imposition of an enhanced statutory maximum sentence pursuant to 21 U.S.C. § 841(b)(1)(C) on the basis that the Government had failed to file a § 851 notice

---

prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information," and "[t]he court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment," at which the government "shall have the burden of proof beyond a reasonable doubt on any issue of fact." *Id.* § 851(c)(1). The defendant may also challenge a conviction alleged in the information on the basis that it "was obtained in violation of the Constitution" by "set[ting] forth his claim, and the factual basis therefor, with particularity in his response to the information." *Id.* § 851(c)(2). As to such a challenge, the defendant "shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response." *Id.* If the defendant "files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court shall proceed to impose sentence upon him as provided by this part." *Id.* § 851(d)(1).

prior to trial. Although the prosecutor in the case recalled having provided the defendant with the required § 851 notice at a pretrial motions hearing, on appeal, the Government conceded the notice had never been filed and there was no evidence the defendant had actually received it. Noting its own prior emphasis on "the need for strict compliance with § 851(a)(1)'s filing and service requirements," which requirements are "explicit in the statute," the Court of Appeals vacated the enhanced sentence and remanded the case for imposition of the unenhanced statutory maximum. *Id.* at 157 (quoting *United States v. Weaver*, 267 F.3d 231, 247 (3d Cir. 2001)).[10]

Here, in contrast, there is no question that the Government did in fact file a § 851 notice before the start of Hernandez's trial, satisfying the statute's "strict *procedural* requirements regarding the giving of notice . . . which are explicit in the statute." *Weaver*, 267 F.3d at 247. Rather, Hernandez argues one of the convictions referenced in the notice—his 1989 cocaine possession conviction—does not qualify as a prior conviction for a "felony drug offense" under later-decided cases. Although framed in terms of the district court's jurisdiction to impose a mandatory life sentence, this argument does not implicate the Government's (or the district court's) compliance with § 851's procedural requirements, but goes to the merits of the district court's determination that the cocaine possession conviction met the substantive requirements for a "felony drug offense" under § 841(b)(1)(A) and was "entitled to be considered as far as enhancement." Def.'s Rule 60(b) Mot. Ex. A, ECF No. 101 at 37-38. Hernandez's motion thus

---

[10] Despite having suggested that if the § 851(a) notice requirement were jurisdictional, plain error review would not be the appropriate standard, the Court of Appeals found it unnecessary to decide whether the enhanced sentence was subject to plain error review in light of the defendant's failure to object, holding vacatur was required even under the plain error standard. *Id.* at 156-57 (holding plain error standard was satisfied because there was no evidence the defendant had actual pretrial notice of the Government's intent to seek an enhanced sentence based on his prior drug conviction and the lack of such notice prejudiced the defendant by "depriv[ing] [him] of the opportunity to consider the effect of the enhancement on his decision to go to trial").

does not challenge the Government's (or the district court's) compliance with the requirements that have been held to be jurisdictional, but asserts a new ground for relief from his sentence, which could be raised pursuant to § 2255.[11] *See United States v. Bryant*, 187 F. App'x 134, 135 (3d Cir. 2006) (holding defendant's claim that district court lacked jurisdiction to enhance his sentence because of defects in the government's § 851 notice had to be raised in a § 2255 motion); *Cradle v. United States ex rel Miner*, 290 F.3d 536, 539 (3d Cir. 2002) (holding defendant's claim that sentencing court was without jurisdiction to impose an enhanced sentence under 21 U.S.C. § 841(b)(1)(A) because the government failed to file a § 851 notice "f[e]ll[] within the purview of § 2255"); *see also* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground . . . that the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). Accordingly, Hernandez's motion is in substance a successive § 2255 motion which this Court may not consider absent certification from the Court of Appeals that the motion meets the requirements of § 2255(h). *See Gonzalez*, 545 U.S. at 532 (holding a Rule 60(b) motion "that seeks to add a new ground for relief . . . will of course qualify [as a successive habeas petition]").

Hernandez has not obtained the required certification from the Court of Appeals. Indeed, the Court of Appeals denied his prior application for leave to file a second or successive § 2255 motion based on *Lopez v. Gonzales*, finding the case did not meet the requirements of 2255(h).

---

[11] Hernandez also appears to argue the district court's reliance on a nonqualifying prior conviction to enhance his sentence violated his due process rights. This argument even more clearly constitutes a new ground for relief from his sentence capable of being raised in a § 2255 motion.

As a result, this Court lacks jurisdiction to consider Hernandez's motion, and the motion will therefore be dismissed.[12]

---

[12] Although it is troubling to this Court that Hernandez was subject to a mandatory life sentence because of a prior drug possession conviction for which he received only a 20-day time-served sentence in state court, the statute appears to permit this result. In *United States v. McGlory*, 968 F.2d 309, 348-51 (3d Cir. 1992), the Third Circuit Court of Appeals held a defendant's Pennsylvania cocaine possession conviction, for which he received a sentence of six to twelve months, was properly used to impose a mandatory life sentence under § 841(b)(1)(A) where the possession offense had been a felony at the time the defendant was convicted, even though the offense had since been reclassified as a misdemeanor under state law. Even under the amended version of the statute, which defines a "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law . . . of a State . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances," 21 U.S.C. § 802(44), a state drug possession conviction may be used to enhance a defendant's sentence so long as the possession offense was "punishable by imprisonment for more than one year." *See Burgess*, 553 U.S. at 127-29 (holding a defendant's state court misdemeanor cocaine possession conviction was a "felony drug offense" for purposes of § 841(b)(1)(A), where the offense "carried a maximum sentence of two years' imprisonment" under state law); *Albo v. United States*, No. 10-5272, 2012 WL 3740680, at *5 (6th Cir. Aug. 29, 2012) (holding a defendant's 1992 Florida cocaine possession conviction was properly used to enhance his sentence under § 841(b)(1)(A) because the possessory offense was "punishable 'by a term of imprisonment not exceeding 5 years'" under state law (quoting Fla. Stat. § 775.082(3)(d))).

Indeed, even if this Court were permitted to consider the merits of Hernandez's claim that the district court lacked jurisdiction to impose a mandatory life sentence, the Court would be constrained to deny relief based on the authorities cited by Hernandez. Hernandez argues his cocaine possession conviction does not qualify as a "felony drug offense" because the underlying criminal conduct is not punishable as a felony under the federal Controlled Substances Act (CSA), which treats most possession offenses as misdemeanors. In support of this argument, he cites *Lopez v. Gonzales*, 549 U.S. 47 (2006), and *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), but those cases, both of which concerned whether a state court drug possession conviction qualified as an "aggravated felony" under the Immigration and Nationality Act (INA), are inapposite. The INA defines the term "aggravated felony" to include "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of title 18)." 8 U.S.C. § 1101(a)(43)(B). Section 924(c)(2), in turn, defines the term "drug trafficking crime" to include "any felony punishable under the Controlled Substances Act." In *Lopez*, the Supreme Court interpreted this definition of a "drug trafficking crime" to encompass state offenses only insofar as they "proscribe[] conduct punishable as a felony under federal law." 549 U.S. at 633. Thus, the Court held the petitioner's state court cocaine possession conviction did not qualify, even though the offense was classified as a felony under state law, because the offense conduct would be punished only as a misdemeanor under the CSA. In *Carachuri-Rosendo*, the Court held the petitioner's second state court misdemeanor drug possession conviction was not a conviction for a "drug trafficking crime" and was thus not an "aggravated

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez

---

felony" under the INA. 130 S. Ct. at 2580. Although the second possession offense would have been eligible for prosecution as a felony under the CSA had the government elected to charge the defendant as a recidivist and complied with the notice requirements of 21 U.S.C. § 851, the petitioner's record of conviction contained no finding regarding his prior drug offense, and the petitioner therefore had not been convicted of a recidivist offense. In contrast to the statutes at issue in *Lopez* and *Carachuri-Rosendo*, § 841(b)(1)(A) provides for enhanced punishment not based on a defendant's prior conviction for a "drug trafficking crime" but where the defendant has one or more prior convictions for a "felony drug offense," which has a separate statutory definition that does not turn on whether the offense is punishable as a felony under federal law. Indeed, in *Burgess*, the Supreme Court upheld the imposition of an enhanced sentence pursuant to § 841(b)(1)(A) based on the defendant's prior state court cocaine possession conviction (a misdemeanor offense under state law) because the offense was punishable by more than one year of imprisonment without even considering whether the offense could have been charged as a felony under federal law. 553 U.S. at 127-29.

Hernandez also relies on *Shelton v. Secretary, Department of Corrections*, 802 F. Supp. 2d 1289, 1293 (M.D. Fla. 2011), in which the district court held Florida Statutes § 893.13 "is unconstitutional on its face." At issue in *Shelton*, however, was the constitutionality of § 893.13 as amended by the Florida Legislature in 2002, which amendment the court construed as having "eliminat[ed] . . . *mens rea* as an element of a drug offense," thereby making "delivery of cocaine . . . a strict liability crime under Florida law." *Id.* at 1294-95. Because the court's holding was based on an amendment that did not take effect until thirteen years *after* Hernandez was convicted of cocaine possession under the statute, *Shelton* does not affect the validity of Hernandez's conviction. Moreover, the Eleventh Circuit Court of Appeals has since reversed the district court's grant of habeas relief in *Shelton* in light of an intervening Florida Supreme Court decision which upheld the constitutionality of § 893.13, as amended. *Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348, 1354-55 (11th Cir. 2012) ("express[ing] no view on the underlying constitutional question," but holding the Florida Supreme Court's decision upholding the statute was not an unreasonable application of federal law).